UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AUBREY E.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. 3:20-cv-05770-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found psoriasis with intermittent joint pain, mild osteoarthritis of the bilateral knees, status post right hip replacement, mild to moderate lumbar degenerative changes with no neurological defects, mild osteoarthritis of the bilateral hands, obesity, and major depressive disorder are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light work with additional limitations; and Plaintiff cannot perform past relevant work but is not disabled because she can perform other jobs in the national economy. Tr. 216 – 32.

For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

1

**DISCUSSION**

2    The Court may reverse the Commissioner's denial of Social Security benefits only if the

3    ALJ's decision is based on legal error or not supported by substantial evidence in the record as a

4    whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Plaintiff contends the ALJ erred

5    in evaluating her physical impairments, in specific two medical opinions and her testimony.

6    **A.    Medical Opinions**

7        ***1.    Beth Liu, M.D.***

8        Dr. Liu examined Plaintiff on October 14, 2016. The ALJ rejected the doctor's opinion

9    that Plaintiff "is able to carry up to five to ten pounds occasionally," can "sit for 30 minutes at

10   one time without interruption, and sit up to three hours total, in an eight-hour workday," can

11   "stand for 30 minutes at one time without interruption, and up to two hours total, in an eight-hour

12   workday," can "walk for 15 minutes at one time without interruption, and up to one hour total, in

13   an eight-hour workday," "is able to use her hands occasionally for some hand activities," and has

14   "environmental limitations includ[ing] unprotected heights and moving mechanical parts." Tr.

15   227 – 28*Id.* at 228.

16       Plaintiff argues the ALJ erred by failing to give legitimate reasons to discount Dr. Liu's

17   opinion. Dkt. 16 at 3-4. The ALJ first discounted Dr. Liu's opinion as unsupported by her own

18   exam findings. Tr. 227. The ALJ noted Dr. Liu found Plaintiff's range of motion in her neck,

19   back and shoulders were mild, and other exam findings were "essentially normal." However, Dr.

20   Liu opined Plaintiff suffers from "chronic pain in neck, back," hip replacement surgery with

21   pain," "bilateral knew pain," and "dermatitis in bilateral palmar hands." Tr. 906. The doctor's

22   opinion about Plaintiff's limitations flow from these findings, not Plaintiff's range of motion.

23   The ALJ accordingly erred in finding Dr. Liu's opinion is unsupported.

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 2

The ALJ also discounted Dr. Liu's opinion as inconsistent with Plaintiff's activities. The ALJ found Plaintiff can "watch television, read books, read a newspaper, care for pet, tend to her own personal needs and grooming without special reminders" and "use a phone." Tr. 228. These are minimal activities and do not contradict the level of functioning assessed by Dr. Liu. The ALJ accordingly erred in rejecting Dr. Liu's opinion as inconsistent with Plaintiff's activities.

Finally, the ALJ discounted Dr. Liu's opinion as inconsistent with the opinion of a non-examining consultant, James Irwin, M.D. Tr. 228. Standing alone, however, the opinion of Dr. Irwin – a nonexaming physician – is insufficient to sustain the ALJ's discounting of Dr. Liu's opinion. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician.") (citation omitted). The ALJ accordingly erred in relying upon this ground to discount Dr. Liu's opinion.

### 2. *Shirley Deem, M.D.*

Dr. Deem examined Plaintiff on June 6, 2018, Tr. 1109, and opined, among other things, Plaintiff can sit up for up to three hours at one time without interruption, and sit for a total of three hours, in an eight-hour workday; stand for up to three hours at one time, and stand for a total of three hours, in an eight-hour workday; and walk for up to two hours at one time, and to walk for a total of two hours, in an eight-hour workday. *Id.* at 228. On December 7, 2018, Dr. Deem "issued a medical source statement in which she opined that the claimant can stand and walk for a maximum of only two hours in an eight-hour workday, [and] sit for less than six hours in an eight-hour workday[.]" *Id.* at 229.

Plaintiff argues the ALJ erroneously gave "no weight" to Dr. Deem's opinions. Dkt. 16 at 5 (quoting Tr. 229). The ALJ rejected Dr. Deem's opinions as inconsistent with each other: "[I]n

1 Dr. Deem's first opinion, Dr. Deem opined that the claimant can stand for a total of three hours

2 in an eight-hour workday, but in her second opinion, Dr. Deem's stated the claimant can stand

3 for a total of only about two hours in an eight-hour workday." Tr. 229. As Plaintiff correctly

4 argues, the difference between "three hours" and "about two hours" is not a meaningful one. The

5 ALJ accordingly erred in rejecting Dr. Deem's opinions on this ground.

6         The ALJ also rejected Dr. Deems' opinion because the records the doctor reviewed

7 showed small disc bulge at C6-7 that "support a residual functional capacity," as well as mild

8 degenerative changes to Plaintiff's knee; Dr. Deem did not explain why Plaintiff swayed when

9 she walked; Plaintiff admitted to Dr. Deem she does not always use a cane, with the exception of

10 the right shoulder, the doctor found Plaintiff's range of motion was normal, Plaintiff's strength

11 was normal and Plaintiff's leg raise test "is not indicative of a true positive test result." *Id.* The

12 ALJ concluded "Dr. Deem offered no rationale for her opined limitations to less than an eight-

13 hour workday or to sedentary-levels of standing and walking. *Id.*

14         The ALJ erred because Dr. Deem opined Plaintiff has osteoarthritis in the hips, hands and

15 knees, had a hip replacement and suffers from pain in the left hip and left leg. The doctor's

16 opinion thus rests on these findings, which indicates that pain limits Plaintiff, and not on the

17 range of motion, and strength findings the ALJ focused upon. As to the use of a cane, Dr. Deem

18 opined that Plaintiff does not require the use of an "assistive device."

19 **B.**     **Plaintiff's Testimony**

20         The ALJ found Plaintiff's medically determinable impairments could reasonably be

21 expected to cause the symptoms alleged, and that there is no affirmative evidence of

22 malingering. The ALJ was thus required to provide "specific, clear, and convincing" reasons

23 supported by substantial evidence to discount Plaintiff's testimony. *Trevizo*, 871 F.3d at 678.

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 4

Plaintiff testified she cannot work due to her physical impairments. In specific she stated she has osteoarthritis in her fingers that cause her hands to cramp-up; she has degenerative disc disease in her lower back limiting her standing and sitting and she has arthritis in her knees. Tr. 445-46. Plaintiff also stated she took numerous medications including Effexor and Wellbutrin, has no side effects, and that her antidepressants has "lifted" her mood a lot. Tr. 446.

The ALJ indicated Plaintiff testified "that she is unable to work due to her impairments and symptoms, which include chronic and debilitating pain and swelling throughout her hands, knees, back, and joints, and hand and finger cramping, low back pain, peeling and bleeding of her hands, and pain throughout her entire body." Tr. 222. The ALJ also indicated Plaintiff "assert[ed] that her impairments and symptoms limit her ability to lift, squat, stand, reach, walk, sit, kneel, climb stairs, use her hands, and concentrate." *Id*. This is consistent with the written function report Plaintiff submitted in 2014. *See* Tr. 646-653.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence. Tr. 222 – 25. This is not tenable ground to reject Plaintiff's testimony because as discussed above the ALJ erred in rejecting two medical opinions about Plaintiff's physical limitations. The ALJ next discounted Plaintiff's testimony as inconsistent with her daily activities. *Id.* at 225. As discussed above, the ALJ cites minimal activities, such as Plaintiff's ability to watch television, read books and a newspaper, and "tend to her own personal needs and grooming without special reminders," *id.*, that do not contradict Plaintiff's claims. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 5

597, 603 (9th Cir. 1989)); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). The ALJ accordingly erred by discounting Plaintiff's testimony about her physical limitations. As Plaintiff has not presented anything showing the ALJ erred in discounting her mental health symptoms, the Court will not disturb the ALJ's findings in that regard.

## A. Other Arguments

Plaintiff raises other contentions. She lists, seriatim, her view of the medical evidence, and states the evidence supports her claim of disability. This conclusory statement does not establish the ALJ harmfully erred and is rejected.

Plaintiff also argues the ALJ erroneously gave significant weight to the opinions of non-examining doctors. The Court need not discuss this claim because the claimed error that drives remand is the ALJ's misevaluation of the opinions of Drs. Liu and Deems, not the non-examining opinions.

Plaintiff further claims the ALJ should have but failed to the ALJ erroneously rejected to weigh a lay witness statement. The lay witness did not render any opinion about Plaintiff's ability to work and thus the ALJ did not err. And lastly Plaintiff's argues the RFC and step four and five findings are erroneous. Because the Court is reversing this case, as discussed above, the ALJ necessarily must readdress on remand Plaintiff's RFC and the remaining steps.

Finally, Plaintiff contends the ALJ in this case was not validly appointed pursuant to the requirements set forth in the Appointments Clause of the U.S. Constitution. Although the argument is plausible and meritorious, the Court declines to address it and applies the principle of constitutional avoidance because there are independent grounds, discussed above, to reverse the Commissioner's final decision. *See, e.g.*, *Copeland v. Ryan*, 852 F.3d 900, 905 (9th Cir.

2017) (Court of Appeals declined to consider violation of the Eleventh Amendment where matter could be resolved on other independent grounds).

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reevaluate the medical opinions of Drs. Liu and Deem and Plaintiff's testimony regarding her physical limitations; develop the record and reassess the RFC as needed; and proceed to the remaining steps as appropriate.

DATED this 24th day of March 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge